# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DAVIE HARRISON, ID # 696677, | ) | |
| KENNETH MAYBERRY, ID # 299187, | ) | |
|     Plaintiffs, | ) | |
| vs. | ) | No. 3:11-CV-0333-K-BH |
| | ) | |
| UNITED STATES MARSHAL SERVICE, | ) | |
| et al., | ) | |
|     Defendants. | ) | Referred for Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Before the Court are the plaintiffs' *Motion for Certification of the Class* (doc. 6), and *Motion for Appointing Class Counsel with Memorandum in Support* (doc. 7), both filed February 18, 2011. Based on the relevant filings and applicable law, the motions should be **DENIED,** and the plaintiffs' claims should be severed into separate lawsuits**.**

## I. BACKGROUND

On February 7, 2011, Plaintiff Kenneth Mayberry ("Mayberry") signed a complaint on the standard form for suits under 42 U.S.C. § 1983 naming as defendants John Aragor, United States Marshal's Service; Robert Moossy, U.S. Department of Justice; Robert E. Casey, Jr., Federal Bureau of Investigation; and Mark McBride, Assistant United States Attorney General. (*See* doc. 2 at 3.) He claimed that he and Davie Harrison ("Harrison") were government informants who had reported a federal crime, and that the defendants had failed to protect them from retaliation based on their status as informants. *Id.* Submitted with the § 1983 form was a civil rights class action complaint naming these same individuals as well as their respective federal agencies and unknown agents as defendants that was signed by both Mayberry and Harrison ("Plaintiffs"). (*See* doc. 3.) In this complaint, Plaintiffs alleged that the defendants had violated their constitutional rights by failing

to protect them from retaliation based on their status as government informants. *Id.* at 1. Plaintiffs also submitted a document titled as an amended complaint that purports to add claims against the defendants under the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq.*, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for intentional infliction of emotional distress. (*See* doc. 11).

## II. CLASS CERTIFICATION

Plaintiffs request that this action be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure because there are questions of law and fact common to both of them. (*See* doc. 6). They also move for appointment of class counsel. (*See* doc. 7).

"Rule 23(a) provides that one or more members of a class may sue on behalf of all if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class." *Shipes v. Trinity Industries,* 987 F.2d 311, 316 n. 3 (5th Cir. 1993); Fed. R. Civ. P. 23(a). These requirements are more commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Jenkins v. Raymark*, 782 F.2d 468, 471 (5th Cir. 1986).

Rule 23(b) provides that an action may be certified as a class action if these requirements are satisfied and the court finds that: 1) separate lawsuits would result in inconsistent adjudications or adjudications that would substantially impair the interests of parties not in the class; 2) final injunctive relief or declaratory relief would be appropriate for the class as a whole; or 3) common questions of law or fact predominate over any questions affecting the individual members of the class and the class action is the superior method for handling the class. Fed. R. Civ. P. 23(b). The parties seeking certification bear the burden of proving compliance with Rule 23. *Castano v.*

2

*American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996); *see also Jenkins*, 782 F.2d at 471 (5th Cir. 1986) (holding that certification requires proof of both subsections (a) and (b) of Rule 23).

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). The decision to certify a proceeding as a "class action" lies within the broad discretion of the district court, but the court "must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Castano v. American Tobacco Co.,* 84 F.3d at 740.

Here, Plaintiffs have not satisfied the requirements of Rule 23(a). While they contend that class action status should be granted because there are questions of law and fact common to both of them, they have not shown that the class is so numerous that joinder of all members is impracticable. In fact, they do not actually seek to sue as representative parties on the behalf of others; each seeks to sue the defendants on his own behalf. The motion to certify this case as a class action should therefore be denied, as should the motion to appoint class counsel.

### III. SEVERANCE

Plaintiffs' motion for class certification also raises the issue of whether they should be permitted to join in one action under Fed. R. Civ. P. 20, or whether they should be required to proceed in separate cases.

As noted in *Beaird, et al v. Lappin,* No. 3:06-cv-967-L, 2006 WL 2051034, *3 (N.D. Tex. July 24, 2006), the Fifth Circuit Court of Appeals has not considered this issue, and the circuit courts that have are split. *Id.*, *comparing Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004) (allowing multiple prisoner-plaintiffs to proceed jointly) with *Hubbard v. Haley*, 262 F.3d 1194,

3

1196 (11th Cir. 2001)(finding that because each prisoner was required to pay the full filing fee under the Prisoner Litigation Reform Act (PLRA) even if allowed to proceed jointly with other prisoners, separate suits were required). The *Beaird* court agreed with other district courts that the impracticalities and inherent difficulties of allowing multiple prisoners to proceed jointly necessitated severance of each plaintiff's claims. *Id.* at 4. It found these impracticalities to include possible transfers of some plaintiffs, security, the need for each plaintiff to sign his own pleading and represent himself, the possibility of changes to documents during circulation among the plaintiffs, the possibility of coercion by other prisoners, and issues raised by the inmates' desire to meet within the prison to discuss joint litigation. *Id.* In addition, as noted by another court in this district, the factual grounds for each inmate's claims may also differ. *See Sneed v. Cotton*, 3:08-cv-2773-G, 2009 WL 222760 (N.D. Tex. Jan. 29, 2009).

The impracticalities and difficulties noted in *Beaird* are also present in this case. This is illustrated in part by the fact that only Mayberry signed the initial complaint, but both signed the following two complaints. The complaints and attachments also show that the factual grounds for each inmate's claims differ. While Plaintiffs allege that both made the same or similar reports to the defendants, the retaliatory actions against each were different. Although each plaintiff has filed a motion to proceed *in forma pauperis,* Harrison is barred by the three-strikes rule from proceeding without prepayment of fees unless he makes a specific showing of imminent danger. This separate requirement for him is another factor weighing against allowing Plaintiffs to proceed jointly. Plaintiffs should therefore not be permitted to continue in the same civil action and should be required to proceed in separate cases.

Because Mayberry signed the initial complaint and has moved to proceed *in forma pauperis*, he should be considered the lead plaintiff in this case, and his claims should be allowed to proceed.

4

*See Broderick v. Chapman*, 3:08-cv-1075-L, 2008 WL 4949205, *2 (N.D. Tex. Nov. 14, 2008) (allowing the claims of the lead plaintiff to go forward rather than dismissing entire case because she had paid the filing fee but requiring her to file an amended pleading that only set forth her claims). Harrison's claims in this case should be severed and dismissed, and a new action should be opened for him.[1] Because there are only two plaintiffs in this case, and the format of the complaints and attachments makes it possible to discern how the alleged retaliation affected each plaintiff, it is not necessary to require Plaintiffs to file new complaints. All documents in this case that were signed by Harrison should instead be docketed in the new case opened on his behalf.

### IV. RECOMMENDATION

The motions to certify this action as a class action and to appoint counsel should be denied. Harrison's claims should be severed and dismissed, and the Clerk of Court should be directed to 1) open a new civil action on his behalf, 2) docket all documents in this case that were signed by Harrison in that new action, and 3) directly assign the new action to the same district judge and magistrate judge as in this action.

**SIGNED this 3rd day of March, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The *Beaird* court followed the practice of the majority of courts and dismissed the entire case without prejudice, but it directed the clerk to open new civil actions for each named plaintiff and each plaintiff to file a separate complaint along with either the filing fee or a motion to proceed *in forma pauperis* within thirty days. 2006 WL 2051034, *4 n.6. It did note, however, that it had the alternative of maintaining the action as to the lead plaintiff and dismissing the case as to the remaining fourteen plaintiffs. *Id.* This is the procedure followed in *Broderick*.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                  _____
                                                                                  IRMA CARRILLO RAMIREZ
                                                                                  UNITED STATES MAGISTRATE JUDGE