**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENNETH MAYBERRY,** | ) | |
| **ID # 299187,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-0333-K-BH** |
| | ) | |
| **JOHN ARAGOR, et al.,** | ) | |
| **Defendants.** | ) | **Referred for Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be dismissed.

**I.  BACKGROUND**

Plaintiff Kenneth Mayberry ("Plaintiff") sues the United States Marshal's Service (USMS); John Aragor and other unnamed agents of the USMS; the U.S. Department of Justice (DOJ); Robert Moossy and other unnamed agents of the DOJ; the Federal Bureau of Investigation (FBI); Robert E. Casey, Jr., of the FBI; and Mark McBride, Assistant United States Attorney General.[1] (*See* Compl. at 3; Brief (doc. 3) at 2-5; Am. Compl. (doc. 11) at 1-2). He claims that he witnessed the aggravated assault of another state inmate by prison guards on March 22, 2010, and later learned that the inmate had died under suspicious circumstances. Because he witnessed this assault and had been subjected to retaliation from guards for previous grievances, he made a report to the USMS. (Brief at 2). It conducted an investigation into the inmate's death but did not respond to Plaintiff's request to be placed into the federal witness protection program. (*Id.* at 2-3). Plaintiff also reported the assault and retaliation against him to the DOJ and FBI, as well as an alleged threat by a prison guard against the President of the United States. They also failed to respond to or investigate his reports.

---

[1]  All individual defendants are named in both their individual and official capacities.

Plaintiff contends that the defendants failed in their duty to protect him from retaliation by giving him informant status, placed him in danger by forwarding his retaliation complaint to the prison, and intentionally inflicted emotional distress on him by not protecting him in violation of his rights under 18 U.S.C. § 1513, 18 U.S.C. § 3521, and the First, Fifth, Eighth and Fourteenth Amendments.  (Brief at 4-7, Am. Comp. at 2).  He asserts claims under 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2670 *et seq.*; and state law for negligence and intentional infliction of emotional distress.  (Brief at 1, 8-9; Am. Compl. at 1-2).  Plaintiff seeks $250,000 in compensatory and $50,000 in punitive damages from each defendant, to be removed from the TDCJ until he either discharges his sentence or is paroled, and to have felony charges brought against all persons who have harmed him pursuant to 18 U.S.C. § 1513. (Brief at 11).[2]

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke*

---

[2] Plaintiff initially filed his complaint with another state prisoner and sought class certification, but the motion was denied and the cases were severed.  (*See* docs. 15, 21.)

*v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  42 U.S.C. § 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. (Brief at 1, 7).  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id.*  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).  Plaintiff fails to state a § 1983 claim against the defendants because they are all federal employees and officials and are not state actors acting under color of state law.  *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987).  His § 1983 claims should therefore be dismissed.

### IV.  *BIVENS*

Plaintiff also sues the defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Am. Compl. at 2).  In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court.  *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it

3

extends to parties injured by federal actors the protections afforded under § 1983 to parties injured by state actors. *Chapman v. United States*, No. 4:06-CV-0426-Y, 2006 WL 3831227, at *1 n.8 (N.D. Tex. Dec. 27, 2006); *see also Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam). However, unless defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, a plaintiff has no viable claim under *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").

A.      **Agencies and Individuals in their Official Capacities**

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are the equivalent to claims against the federal agencies who employ the employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against a federal agency or individual employees in their official capacities, Plaintiff has not alleged a viable *Bivens* claim against the USMS, the DOJ, or the FBI or any federal employee, named or unnamed, in his or her official capacity.

## B.  **Individual Capacities**

Plaintiff asserts that all of the defendants, both named and unnamed, violated his First Amendment right to free speech, his Eighth Amendment right to be free from cruel and unusual punishment, his due process rights under the Fifth and Fourteenth Amendments, and 18 U.S.C. §§ 1513, 3521. (Brief at 1-2, 4-8, 10).  A *Bivens* action must be premised upon the personal involvement of the named defendants.  *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (explaining that it "must be remembered that the purpose of *Bivens* is to deter *the officer*"); *Guerrero-Aguilar v. Ruano*, 118 Fed. App'x 832, 832 (5th Cir. 2004) (per curiam).  Under *Bivens*, an individual cannot be held liable under a theory of respondeat superior.  *Ashcroft*, 129 S.Ct. at 1948.  Instead, a supervisory federal employee and/or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right or if the official implements or enforces a policy that causally results in a deprivation of constitutional rights.  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998).

### 1.  **John Aragor**

Plaintiff alleges that John Aragor of the USMS left him in danger by failing to provide him government informant privileges pursuant to 18 U.S.C. § 3521 after he reported a possible federal crime. (Compl. at 3).  He includes a request he sent to the USMS requesting an investigation and a transfer to the federal witness protection program. (Compl. at 16-29).

Plaintiff has not alleged that Aragor knew of his request to be placed in the federal witness protection program, that he knew about any alleged violations of Plaintiff's constitutional rights, that he had any personal involvement in any decision to deny protection, or that he had any personal

involvement in the alleged violations that have occurred at the prison where Plaintiff is confined. A mere failure to respond to a letter does not rise to the required level of personal involvement for liability. *See Amir-Sharif v. Valdez*, 2007 WL 1791266, slip op. at *2 (N.D. Tex. June 6, 2007) (holding that no liability under § 1983 had been alleged because a failure to take corrective action in response to a grievance does not rise to the level of personal involvement); *Praylor v. Partridge*, 2005 WL 1528690, slip op. at *2 (N.D. Tex. June 28, 2005) (same); *Anderson v. Pratt*, 2002 WL 1159980, slip op. at *3 (N.D. Tex. May 29, 2002) (holding that a viable *Bivens* claim against a warden had not been alleged because denying an administrative grievance does not rise to the level of personal involvement, especially where the grievance was filed after the events which allegedly violated the plaintiff's civil rights). As noted, to the extent Plaintiff's claims against Aragor are based on his position as a supervisor, he must show that Aragor was personally involved or that he implemented a policy that was the moving force behind the violation of Plaintiff's constitutional rights. *See Bustos*, 599 F.3d at 468. Plaintiff has alleged neither that Aragor had personal involvement in acts that caused the deprivation of his constitutional rights nor that he implemented such a policy. Plaintiff has not stated a *Bivens* claim against Aragor.

### 2      Robert Moosy

Plaintiff next contends that Robert Moosy of the DOJ failed to protect him after being informed about retaliation. (Compl. at 3). In support of his conclusory allegations, he submits a letter from Mr. Moosy in response to a letter from Plaintiff and another inmate to President Obama about the suicide of a fellow inmate.[3] Mr. Moosy's response states that the complaint does not

---

[3]   The letter alleges that the deceased inmate was maliciously sprayed with pepper spray, his mental health was disregarded, prison officials did not use their own policy on use of force, and officials released the inmate back into the general population after a previous suicide attempt. It also suggests that the actions of prison officials were "murder" and requests protection as federal witnesses for the authors. (Compl. at 58-61).

involve a violation of Plaintiff's rights under the federal criminal civil rights statutes and that it was being forwarded to the Civil Rights Division of the DOJ. (Compl. at 47-48).

Plaintiff has alleged no personal involvement by Mr. Moosy that violated his constitutional rights. He has also not alleged that Mr. Moosy, as the acting section chief of the criminal section of the DOJ, is a supervisor who either implemented or enforced a policy that caused a deprivation of Plaintiff's constitutional rights arising from a decision not to prosecute persons under federal law based on actions taken against another prisoner. *See Bustos*, 599 F.3d at 468. Plaintiff has stated no viable claim against Mr. Moosy. *See cf., Murrell v. Chandler*, 277 Fed. App'x 341, 342-43 (5th Cir. Apr. 30, 2008) (finding viable Eighth Amendment claim against a warden and a regional director of the BOP where the plaintiff alleged that he advised them both, either verbally or in written grievances, that the no smoking policy was not being enforced at his prison and that he was having serious health problems as a result).

### 3.   Robert Casey

Plaintiff next contends that Robert Casey of the FBI forwarded Plaintiff's complaint regarding a threat on the President's life to the TDCJ and that this exposed his identity and resulted in retaliation against him at TDCJ. (Compl. at 3).[4] Plaintiff makes conclusory allegations but pleads no facts alleging that Casey was personally involved in any decision to forward his complaint to the TDCJ, expose his identity, or retaliate against him. Plaintiff has not stated a viable claim against him based on his supervisory position because he has not alleged either personal involvement by or that Casey has implemented a policy that causally resulted in the violation of Plaintiff's rights. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (recognizing that supervisory liability exists

---

[4] Plaintiff submits a letter from the FBI, signed by Agent John Whitworth, stating that the complaint was being forwarded to the TDCJ and Office of the Inspector General. (Compl. at 72).

without overt personal involvement if supervisory officials implement a deficient policy that is the moving force behind a constitutional violation).

### 4.    Mark McBride

Plaintiff next contends that Mark McBride, Assistant U.S. Attorney General, failed to act after receiving a complaint of retaliation against a government informant. (Compl. at 3; Brief at 6). As noted above, failure to act upon a complaint is not evidence of any personal involvement in any alleged violation of Plaintiff's constitutional rights.  *See Amir-Sharif v. Valdez*, slip op. at 2 (N.D. Tex. June 6, 2007) (failure to take properly investigate a grievance does not rise to the level of personal involvement); *Anderson v. Pratt*, 2002 WL 1159980, slip op. at *3 (N.D. Tex. May 29, 2002) (denying an administrative grievance does not rise to the level of personal involvement by a warden, where the grievance was filed after the events which allegedly violated the plaintiff's civil rights). Without an allegation that McBride was personally involved with placing his life in danger, Plaintiff's claim necessarily fails.  *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (no individual liability under § 1983 where complaint alleges no personal involvement by the defendant in violating plaintiff's rights by working him beyond his capabilities in prison).

### 5.    Unnamed Defendants

Plaintiff also sues unnamed employees of the USMS and the DOJ, alleging that these unnamed defendants also violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments. (Brief at 4-5, 7, 10).  For the same reasons that Plaintiff has failed to alleged that the named defendants have personal involvement in the alleged violation of his constitutional rights, Plaintiff has also failed to allege that these unnamed defendants had any

personal involvement in any violations of his rights. Accordingly, Plaintiff's *Bivens* claims against them are frivolous because they lack an arguable basis in either law or fact.

Furthermore, while a *Bivens* action may be initiated against unidentified defendants when their true names are not yet known but may be learned, *see Bivens*, 403 U.S. at 390 n. 2 (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney), such actions are permitted only where, through discovery it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green v. Doe*, 260 Fed. Appx. 717, *2 (5th Cir. 2007) (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants). Here, Plaintiff has merely alleged in a conclusory fashion that unknown defendants, with no other identifying characteristics, have violated his constitutional rights. Therefore, even had Plaintiff alleged that these unnamed defendants had personal involvement in the violation of his rights, his claims against these defendants could not proceed.

## V. 18 U.S.C. § 3521

Plaintiff appears to be attempting to assert a separate cause of action against the defendants under 18 U.S.C. § 3521, the statute outlining the parameters of the federal witness protection

program.  It specifically states that "[t]he United States and its officers and employees shall not be subject to any civil liability on account of any decision to provide or not to provide protection under this chapter."  18 U.S.C. § 3521(a)(3).  Section 3521(a)(1) states that the Attorney General may provide for the relocation and protection of a witness or potential witness for the government if the Attorney General determines that a certain crime or crimes are likely to be committed against the witness. 18 U.S.C. § 3521(a)(1).  The Attorney General has absolute discretion in deciding whether to investigate claims for a possible federal prosecution.  As a general rule, decisions whether to prosecute someone under federal law are not subject to judicial review. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995), *citing Wayte v. United States*, 470 U.S. 598, 607 (1985).  Therefore, Plaintiff has failed to state a claim that would entitle him to relief under this statute for failure to place him in the federal witness protection program.

## VI.  18 U.S.C. § 1513

Plaintiff seeks to have charges filed against all persons who have allegedly retaliated against him under 18 U.S.C. § 1513. (Brief at 11).

Section 1513 makes it a felony to retaliate against a federal witness.  There is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes.  *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).  Plaintiff has therefore failed to state a viable claim under this statute against any defendant.

## VII.  FEDERAL TORT CLAIMS ACT

Plaintiff sues under the Federal Tort Claims Act ("FTCA") (Am. Compl. at 1-2).  In the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts

committed by federal employees.  28 U.S.C. §§ 1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008).  To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred.  28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

## A.  Individual Defendants and Agencies

Plaintiff sues both individual defendants, named and unnamed, in their individual and official capacities, as well as federal agencies, under the FTCA. (Am. Compl. at 1; Brief at 1-2).

The only proper defendant in an FTCA action is the United States, and therefore a claim against a federal agency is not authorized under the FTCA. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).  Likewise, the individual defendants also cannot be sued under the FTCA in their individual capacity.  *Id.*  Any claims against them in the official capacities are treated as a suit against the United States. *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D.Tex. 2001).  Plaintiff has therefore failed to state a viable claim against the agencies or individual defendants under the FTCA.

## B.  United States

Plaintiff has failed to state any claim against the United States under the FTCA.  Plaintiff must exhaust his administrative remedies under the FTCA before filing suit.  *See McNeil v. Unites States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Absent compliance with the statute's exhaustion requirement, a federal district court is without jurisdiction to consider any claims under the FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Plaintiff has not alleged that he has exhausted administrative remedies in compliance with § 2675(a) by presenting his claims to the USMS, the DOJ, or the FBI, and he has not alleged that this exhaustion requirement should be excused. Consequently, the Court does not have jurisdiction over Plaintiff's tort claims. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981).

## VIII.  ADDITIONAL STATE LAW CLAIMS

Finally, Plaintiff contends that this Court should exercise supplemental jurisdiction over his state law claims of negligence and intentional infliction of emotional distress against all named defendants arising from their actions or inactions as employees of the federal government. (Brief at 1, 8-9).

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims

at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiff's federal claims are subject to dismissal as frivolous, his state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## IX. PENDING MOTIONS

Plaintiff has also filed a *Request for A Emergency Protective Order*, received March 25, 2011 (doc. 17), and a *Motion for TRO*, received May 20, 2011 (doc. 24). In these motions, Plaintiff seeks to be removed from state custody and placed in federal custody. For a temporary restraining order or a preliminary injunction to be warranted, plaintiff has the burden of showing a substantial likelihood that he will prevail on the merits. *See* FED. R. CIV. PROC. 65(a),(b); *Clark v. Pritchard*, 812 F.2d 991, 993 (5th Cir. 1987); *Mississippi Power and Light Co. V. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985).[5] Plaintiff has not shown a likelihood that he will prevail on the merits of his claims against the defendants because they are subject to dismissal. The motions should be denied.

## X. RECOMMENDATION

Plaintiff's federal claims should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[6] The Court should decline to exercise supplemental

---

[5] Plaintiff also requests an emergency protective order. However, protective orders are sought when a party is subject to discovery and seeks an order from the court regarding the parameters of discovery. *See* FED. R. CIV. PROC. 26(c)(1).

[6] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

13

jurisdiction over any state claim, and these claims should be **DISMISSED** without prejudice to Plaintiff pursuing them in state court. The Court should deny Plaintiff's motions for an emergency protective order and for a temporary restraining order (docs. 17, 24).

**SIGNED this 6th day of September, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

14